# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

ELTON RIEARA,

    Plaintiff,

v.

CIVIL ACTION NO. CV205-037

Lt. BRIAN RULEY, individually and in his official capacity,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at the Federal Corrections Institution in Jesup, Georgia ("FCI Jesup"), has filed an action pursuant to 28 U.S.C.A. § 1331 and Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed.2d 619 (1971).[1] A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C.A. §1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed.2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C.A. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim

---

[1] Plaintiff also filed this action pursuant to 42 U.S.C.A. § 1983 and the Georgia Hate Crime Statute. As Plaintiff is a federal prisoner, his cause of action is more appropriately filed under § 1331 and Bivens.

AO 72A
(Rev. 8/82)

upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C.A. § 1915A(b)(1) and (2).

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C.A. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. <u>Hughes v. Rowe</u>, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed.2d 163, 169-70 (1980); <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts that he filed an Administrative Remedy Request ("BP-9") against Officer Clements. Plaintiff also asserts that Defendant Ruley spoke to him about the BP-9 on June 27, 2002, and asked Plaintiff to sign this form to indicate that he wished to resolve the issues complained of in the BP-9 informally. Plaintiff contends that he told Ruley that he wanted to exhaust his administrative remedies, and that, at that time, Ruley threatened to put Plaintiff in the Special Housing Unit ("SHU") for an indefinite period of time if Plaintiff did not sign the BP-9. Plaintiff alleges that he learned in February 2003 that Defendant Ruley typed on the BP-9 that he wanted to withdraw the BP-9 after Plaintiff signed it. Plaintiff contends that he filed another Administrative Remedy Request against Officer

2

Clements at that time and was informed that his request was untimely filed. Plaintiff avers that Defendant Ruley's actions were motivated by racial discrimination and constitute cruel and unusual punishment and deliberate indifference.

The Equal Protection Clause precludes the government (or government actors) from arbitrarily or capriciously classifying or treating similarly situated individuals differently. Stanton v. Stanton, 421 U.S. 7, 14, 95 S. Ct. 1373, 1377, 43 L. Ed.2d 688 (1975). Plaintiff has failed to demonstrate that Defendant Ruley classified or treated him differently than similarly situated inmates. Plaintiff is not entitled to relief on this claim.

Moreover, the Eighth Amendment's proscription against cruel and unusual punishment imposes a duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. This duty to safeguard also embodies the principle expressed by the Court in Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976), forbidding prison officials from demonstrating deliberate indifference to the serious medical needs of inmates. Estelle, 429 U.S. at 104, 97 S. Ct. at 291. A plaintiff states a cognizable Bivens claim when his complaint, construed liberally, alleges facts which show that the defendant was "deliberately indifferent" to a plaintiff's "serious medical needs" and caused the plaintiff "unnecessary and wanton infliction of pain." Id. Plaintiff fails to set forth facts that Defendant Ruley subjected him to cruel and unusual punishment or that Defendant Ruley was deliberately indifferent to Plaintiff's serious medical needs.

Furthermore, a lawsuit against a prison official in his official capacity is no different from a suit against the government itself; such a defendant is immune. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed.2d 45,

3

58 (1989). To the extent Plaintiff wishes to pursue his claims against Defendant Ruley in his official capacity, these claims should be dismissed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims that Defendant Ruley subjected him to cruel and unusual punishment, was deliberately indifferent, and violated his right to equal protection be **DISMISSED** for failure to state a claim under Bivens and § 1915(e)(2)(B)(ii). It is also my **RECOMMENDATION** that Plaintiff's claims against Defendant Ruley in his official capacity be **DISMISSED**.

Plaintiff's remaining claims are addressed in an Order of even date.

So **REPORTED** and **RECOMMENDED**, this 4th day of May, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

```
                    UNITED STATES DISTRICT COURT
                      Southern District of Georgia


        Case Number:     2:05-cv-00037
        Date Served:     May 4, 2005
        Served By:

Attorneys Served:

        Elton Rieara




                                    ____ Copy placed in Minutes

                                    ____ Copy given to Judge

                                    ____ Copy given to Magistrate
```