IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 NOV 28 P 2:53

CLERK _____
S.D. DIST. OF GA.

ELTON RIEARA,

    Plaintiff,

v.

Lt. BRIAN RULEY, individually,

    Defendant.

CIVIL ACTION NO. CV205-037

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, has filed an action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed.2d 619 (1971). Defendant Ruley ("Defendant") filed a Motion to Dismiss, and Plaintiff filed a Response. For the reasons which follow, Defendant's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff asserts that he filed an Administrative Remedy Request ("BP-9") against Officer Clements. Plaintiff also asserts that Defendant spoke to him about the BP-9 and asked Plaintiff to sign this form to indicate that he wished to resolve the issues complained of in the BP-9 informally. Plaintiff contends that he told Defendant that he wanted to exhaust his administrative remedies, and that, at that time, Defendant threatened to put Plaintiff in the Special Housing Unit for an indefinite period of time if Plaintiff did not sign the BP-9. Plaintiff alleges that he learned Defendant typed on the BP-9 that he wanted to

withdraw the BP-9 after Plaintiff signed it. Plaintiff contends that he filed another Administrative Remedy Request against Officer Clements at that time and was informed that his request was untimely filed. Plaintiff avers that Defendant retaliated against him because he filed an Administrative Remedy Request against Defendant's co-worker. Plaintiff also avers that Defendant's actions denied him access to the courts.

Defendant avers that Plaintiff has not exhausted his administrative remedies on these issues, and, as a result, his Complaint should be dismissed.

## STANDARD OF DETERMINATION

A motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should not be granted "'unless it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief.'" Bradberry v. Pinellas County, 789 F.2d 1513, 1515 (11th Cir. 1986) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed.2d 80 (1957)); accord Martinez v. American Airlines, Inc., 74 F.3d 247, 248 (11th Cir. 1996). In making this determination, a court must construe the complaint in a light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 2182, 153 L. Ed.2d 413 (2002). Furthermore, all facts alleged by the plaintiff must be accepted as true. Christopher, 536 U.S. at 406, 122 S. Ct. at 2182. When evaluating a motion to dismiss, the issue is not whether a plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986). The threshold is "'exceedingly low'" for a complaint to survive a motion to dismiss. Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985) (quoting Quality Foods de Centro America, S.A. v. America Agribusiness Devel., 711 F.2d 989, 995 (11th Cir. 1983)). A complaint filed by a *pro se*

2

plaintiff is held to even less stringent standards than a complaint drafted by a lawyer. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596, 30 L. Ed.2d 652 (1972) (citing Conley, 355 U.S. at 45-46, 78 S. Ct. at 102).

## DISCUSSION AND CITATION OF AUTHORITY

Defendant asserts that neither the record nor the pleadings indicate that Plaintiff has initiated, much less exhausted, his administrative remedies against him. Plaintiff alleges that Defendant's contention that he did not exhaust his administrative remedies as to the allegations set forth in his Complaint is "wholly frivolous and bare of anything in support." (Doc. No. 14, p. 1.)

Where Congress explicitly mandates, federal prisoners seeking relief under Bivens must first exhaust inmate grievance procedures before filing suit in federal court. Porter v. Nussle, 534 U.S. 516, 524, 122 S. Ct. 983, 988, 152 L. Ed.2d 12 (2002); McCarthy v. Madigan, 503 U.S. 140, 144, 112 S. Ct. 1081, 1086, 117 L. Ed.2d 291, 299 (1992). 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed.2d 12 (2002), the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter at 523, 122 S. Ct. at 987. Thus, even when the prisoner is seeking relief not provided for under the grievance process, exhaustion is still a prerequisite to his filing suit. Id. at 524, 122 S. Ct. at 988; Booth v. Churner, 532 U.S. 731, 732, 121 S. Ct. 1819, 1821, 149 L. Ed.2d 958 (2001). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The court's

3

focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. Id.

Furthermore, "[t]he Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court." Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992). According to these regulations, an inmate can file a grievance with the Warden, and the Warden has 20 days to respond. 28 C.F.R. § 542.15(a). If the inmate is not satisfied with the Warden's response, he may file an appeal with the Regional Director. Id. Finally, if the inmate is not satisfied with the Regional Director's response, he can file an appeal with the General Counsel for the Federal Bureau of Prisons. Id.

A review of the record before the Court reveals that Plaintiff had administrative remedies available to him and that he has not exhausted these remedies concerning his contentions that Defendant retaliated against him and denied him access to the courts.

## CONCLUSION

Based on the foregoing reasons, it is my **RECOMMENDATION** that Defendant's Motion to Dismiss (Doc. No. 12) be **GRANTED** and Plaintiff's Complaint be **DISMISSED**, without prejudice, due to his failure to exhaust his administrative remedies.

**SO REPORTED** and **RECOMMENDED**, this 28th day of November, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE